IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM M. ABEND and MARCIA F. ABEND,<br><br>    Plaintiffs,<br><br>  v.<br><br>CITY OF OAKLAND, a California municipal corporation; OFFICE OF THE CITY ADMINISTRATOR, for the City of Oakland; DEBORAH EDGERLY, City Administrator for the City of Oakland; BARBARA KILLEY, an appointed hearing examiner for the Office of the City Administrator; ARTHUR SANCHEZ, an individual; and DOES 1 through 50 inclusive,<br><br>    Defendants.<br>_____/ | No. C 06-07459 JSW<br><br>**NOTICE OF TENTATIVE RULING AND QUESTIONS** |

    TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD, PLEASE TAKE NOTICE OF THE FOLLOWING **TENTATIVE** RULING AND QUESTIONS FOR THE HEARING SCHEDULED ON FEBRUARY 23, 2007 AT 9:00 A.M.:

    The Court has reviewed the parties' papers and, thus, does not wish to hear the parties reargue matters addressed in those pleadings. If the parties intend to rely on legal authorities not cited in their briefs, they are ORDERED to notify the Court and opposing counsel of these authorities reasonably in advance of the hearing and to make copies available at the hearing. If the parties submit such additional authorities, they are ORDERED to submit the citations to the authorities only, without argument or additional briefing. *Cf.* N.D. Civil Local Rule 7-3(d). The parties will be given the opportunity at oral argument to explain their reliance on such authority.

The Court **tentatively GRANTS** Plaintiffs' motion to remand.

The parties shall have 20 minutes to address the following questions:

1. What is the status of the City of Oakland's state nuisance action?

2. What factors under the *Colorado River* doctrine favor the Court's exercise of jurisdiction over Plaintiffs' petition for a writ of administrative mandamus and complaint alleging violations of 42 U.S.C. § 1983?

3. The Ninth Circuit has held that "[t]he *Colorado River* test . . . does not apply where the Declaratory Judgment Act ("DJA"), 28 U.S.C. § 2201, is involved." *Chamberlain v. Allstate Ins. Co.*, 931 F.2d 1361, 1366 (9th Cir. 1991) (overruled in unrelated part by *Wilton v. Seven Falls Co.*, 515 U.S. 277, 289-90 (1995)).  However, *Colorado River Water Conservation District v. United States* involved a claim for declaratory relief. 424 U.S. 800, 805 (1976).  The Ninth Circuit noted this fact, but also noted that the federal court's power over the government's claim to water rights in *Colorado River* was independent of the DJA and thus did not arise pursuant to the DJA. *Transamerica Occidental Life Ins. Co. v. Digregorio*, 811 F.2d 1249, 1254 n.4 (9th Cir. 1987).

   In contrast, in *Transamerica*, a district court that dismissed a declaratory action in light of a state court action had jurisdiction solely pursuant to the DJA. *Id.* at 1253.  Because of this fact, the Ninth Circuit held that abstention pursuant to the DJA, rather than the *Colorado River* doctrine, was appropriate. *Id.* at 1255.

   a. In light of footnote 4 in *Transamerica*, why is abstention pursuant to the DJA appropriate?

   b. Is there any Ninth Circuit authority applying "Declaratory Judgment Act abstention" to a claim that presents a federal question?

4. Abstention under the *Younger* doctrine is appropriate if: "(1) there are ongoing state judicial proceedings, (2) the proceedings implicate important state interests, and (3) there is an adequate opportunity in the state proceedings to raise federal questions." *Woodfeathers, Inc. v. Wash. County*, 180 F.3d 1017, 1020 (9th Cir. 1999).

   How is the first requirement satisfied in the present case? *Cf. Huffman v. Pursue, Ltd.*, 420 U.S. 592, 598 (1975) (barring a direct federal challenge to a parallel state court's application of state nuisance laws).

5. Do the parties have anything further they wish to address?

**IT IS SO ORDERED.**

Dated: February 21, 2007

*Jeffrey S. White*
JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE