IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM M. ABEND and MARCIA F. ABEND,<br><br>        Plaintiffs,<br><br>  v.<br><br>CITY OF OAKLAND, a California municipal corporation; OFFICE OF THE CITY ADMINISTRATOR, for the City of Oakland; DEBORAH EDGERLY, City Administrator for the City of Oakland; BARBARA KILLEY, an appointed hearing examiner for the Office of the City Administrator; ARTHUR SANCHEZ, an individual; AND DOES 1 THROUGH 50 INCLUSIVE,<br><br>        Defendants.<br>_____/ | No. C 06-07459 JSW<br><br>**ORDER GRANTING PLAINTIFFS' MOTION TO REMAND** |

Now before the Court is the motion by plaintiffs William M. Abend and Marcia F. Abend ("Abends") to remand their complaint against defendants City of Oakland, Office of the City Administrator, Deborah Edgerly, Barbara Killey and Arthur Sanchez (collectively, "the City"). Having carefully reviewed the parties' papers and considering their arguments and the relevant authority, and good cause appearing, the Court hereby GRANTS the Abends' motion to remand.

**BACKGROUND**

The Abends own a shopping center in Oakland, California. (Pet. for Removal, Ex. A ¶¶ 3, 11.) This case arises out of the City's declaration that the Abends' property is a nuisance

because of drug dealing and prostitution that allegedly occurs on the property. On September 19, 2006, the City filed a nuisance abatement action in the Superior Court of California for the County of Alameda under drug and red light abatement laws, as well as public nuisance law ("State Nuisance Claim"). (Opp. Br., Ex. A.)

On October 31, 2006, the Abends petitioned the Alameda Superior Court for a writ of administrative mandamus alleging that the City had abused its discretion during administrative proceedings, under which the City had previously declared the Abends' property a nuisance, and seeking to set aside the proceedings. (Pet. for Removal, Ex. A ¶ 33, at 18.) In addition to the petition, the Abends filed a complaint alleging violations of their Due Process and Equal Protection rights under 42 U.S.C. § 1983 (collectively, the "Constitutional Claim"). (*Id*. ¶¶ 39-75.) By their Constitutional Claim, the Abends seek declaratory and injunctive relief, including declarations that the City's administrative proceedings are unconstitutional on their face and as applied. (*Id*. at 19.)

The City timely removed the Constitutional Claim to this Court pursuant to 28 U.S.C. § 1441 and based on federal subject matter jurisdiction. (Pet. for Removal ¶¶ 2, 3.) The Court may exercise jurisdiction over the petition pursuant to 28 U.S.C. § 1367. The Abends now move to remand, arguing that the Court should abstain from exercising jurisdiction and remand the Constitutional Claim to state court, where it can be consolidated with the State Nuisance Claim. (Br. at 1.) The Court will address additional specific facts as required in the analysis.

## ANALYSIS

### A.     Legal Standards on a Motion to Remand.

"[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . to the district court of the United States for the district and division embracing the place where such action is pending." *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 7-8 (1983) (citation omitted); *see also* 28 U.S.C. § 1441. However, federal courts are courts of limited jurisdiction. *See, e.g., Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). An action originally filed in state court may be removed to federal court only if the district court

could have exercised jurisdiction over such action if initially filed there. 28 U.S.C. § 1441(a); *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). A district court must remand the case if it appears before final judgment that the court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c). Accordingly, the burden of establishing federal jurisdiction for purposes of removal is on the party seeking removal. *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004); *see also Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). Moreover, a court must construe the removal statute strictly and reject jurisdiction if there is any doubt regarding whether removal was proper. *Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir. 1996); *see also Gaus*, 980 F.2d at 566 ("Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance.").

Alternately, a district court has discretion under the doctrines of abstention to "decline to exercise or postpone the exercise of its jurisdiction." *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 813 (1976).

> The doctrine of abstention . . . is an extraordinary and narrow exception to the duty of a District Court to adjudicate a controversy properly before it. Abdication of the obligation to decide cases can be justified under this doctrine only in the exceptional circumstances where the order to the parties to repair to the State court would clearly serve an important countervailing interest.

*Id.* (citing *County of Allegheny v. Frank Mashuda Co.*, 360 U.S. 185, 188-89 (1959)). Abstention rests on "considerations of proper constitutional adjudication and regard for federal-state relations." *Colorado River*, 424 U.S. at 817.

**B.     Plaintiffs' Motion to Remand.**

The Abends do not dispute that removal of the Constitutional Claim was proper under 28 U.S.C. § 1441, or that the Court has subject matter jurisdiction over their § 1983 claims or presumably supplemental jurisdiction over the petition. (Reply Br. at 1-2.) However, they argue that the Court should abstain and remand the Constitutional Claim under the doctrines announced in *Colorado River* and *Younger v. Harris*, 401 U.S. 37 (1971), as well as pursuant to the Declaratory Judgment Act ("DJA"). (Br. at 2.) The Court addresses each of these arguments in turn.

3

### 1. Remand Is Proper Under the *Colorado River* Doctrine.

The Abends argue that under the *Colorado River* doctrine, the Court should abstain from hearing the Constitutional Claim. (Br. at 9.) Under the *Colorado River* doctrine, if federal and state courts have concurrent jurisdiction over a matter, the federal court may stay or dismiss its suit due to the presence of a concurrent state proceeding. 424 U.S. at 818. Courts weigh several factors when determining whether to stay or dismiss an action under *Colorado River*: (1) whether a court has assumed jurisdiction over a *res,* (2) the inconvenience of the federal forum, (3) the desirability of avoiding piecemeal litigation, and (4) the order in which jurisdiction was obtained by the concurrent forums. *Colorado River*, 424 U.S. at 818. In *Moses H. Cone Memorial Hosp. v. Mercury Constr. Corp.*, the Supreme Court articulated two more considerations: (5) whether state or federal law provides the rule of decision on the merits, and (6) whether the state proceeding is adequate to protect the parties' rights. 460 U.S. 1, 23, 26 (1983).

In addition, the Ninth Circuit requires a "substantial similarity" between the state and federal proceedings, but noted that "exact parallelism . . . is not required." *Nakash v. Marciano*, 882 F.2d 1411, 1416 (9th Cir. 1989). The Ninth Circuit stated that "[t]hese factors are to be applied in a pragmatic and flexible way, as part of a balancing process rather than as a mechanical checklist." *Id.* at 1415 (citations omitted). Finally, "the decision to invoke *Colorado River* necessarily contemplates that the federal court will have nothing further to do in resolving any substantive part of the case, whether it stays or dismisses." *Moses H. Cone*, 460 U.S. at 28.

In *Colorado River*, the United States filed suit in federal district court seeking a declaration of the government's rights to water in certain Colorado rivers. 424 U.S. at 805. A defendant then sought to compel the government to adjudicate its claim in state administrative proceedings, pursuant to Colorado law. *Id.* at 806. The Supreme Court held that although traditional abstention by the district court was inappropriate, dismissing the federal case was still proper. *Id.* at 813, 821. The Supreme Court contrasted abstention, which rests on "considerations of proper constitutional adjudication and regard for federal-state relations" with

4

the *Colorado River* doctrine, which "rest[s] on considerations of wise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation." *Id.* at 817 (quotations and citations omitted). The Court stated that dismissal under the *Colorado River* doctrine is warranted only under "exceptional" circumstances, acknowledging "the virtually unflagging obligation of the federal courts to exercise the jurisdiction given them." *Id.* at 817-18 (citations omitted).

Applying the factors, the *Colorado River* Court affirmed dismissal because (1) assuming jurisdiction over water ways was similar to a proceeding *in rem*; (2) the federal court was 300 miles from the water at issue; (3) piecemeal adjudication was likely given the interdependence of water rights and the existence of related state administrative proceedings over water rights; and (4) other than the motion to dismiss, no other proceedings had commenced in the district court. *Id.* at 819-20. The Court noted that the avoidance of piecemeal litigation, in particular, was paramount in its decision to dismiss the federal case. *Id.* at 819; *see also Moses H. Cone*, 460 U.S. at 16 (noting that the most important factor in the *Colorado River* decision to approve dismissal was the avoidance of piecemeal adjudication).

*Nakash* involved a state suit alleging various state claims and a violation of the Racketeer Influenced and Corrupt Organizations Act (RICO), and a subsequent federal suit by the same and related parties alleging similar – but not identical – offenses and seeking injunctive relief against the state court proceeding. 882 F.2d at 1412-13. The district court stayed the federal action under *Colorado River*. *Id.* at 1415. The Ninth Circuit upheld the stay, noting that although the Supreme Court has held that federal courts have a "virtually unflagging obligation" to exercise jurisdiction, "this somewhat overstates the law because in certain circumstances, a federal court may stay its proceedings in deference to pending state proceedings." *Nakash*, 882 F.2d at 1415 (citing *Colorado River*, 424 U.S. at 817).

The Ninth Circuit cited three relevant factors under *Colorado River*: (1) piecemeal litigation was likely to result given the state action's significant progression; (2) the presence of a federal-law issue (the RICO claim), though normally weighing in favor of federal jurisdiction, was less significant given the fact that law created concurrent jurisdiction over the issue; and (3)

5

the state proceeding was adequate to protect the parties' rights. *Id.* at 1415-16. The court also held, despite the lack of exact parallelism between the parties and actions, that the actions were substantially similar because both involved disputes over the same conduct and an overlap of key parties. *Id.* at 1416-17.

In light of the Ninth Circuit's holding that the *Colorado River* doctrine should be applied in a pragmatic way, remand of the Constitutional Claim is appropriate here. Although under the second *Colorado River* factor, litigating in this jurisdiction does not pose a grave inconvenience to the parties, who reside or are situated in this district, the balance of the factors weigh in favor of remand.[1]

Under the third and most important factor, as in *Nakash*, the likelihood of piecemeal adjudication weighs in favor of remand. If the Court were to exercise jurisdiction and declare the administrative proceedings unconstitutional, this would not end the State Nuisance Claim, which invokes laws different from those in the administrative proceeding. The Constitutional Claim challenges administrative proceedings brought pursuant to violations of California Health and Safety Code §§ 11360, 11377 and 11570, as well as California Penal Code § 647(b). (Pet. for Removal, Ex. A, Ex. A at 1.) The State Nuisance Claim involves claims made pursuant to California Health and Safety Code § 11571.5 and California Penal Code § 11225.[2] (Opp. Br., Ex. A. ¶¶ V, XI.) Further, exercising jurisdiction over the Constitutional Claim, which challenges an administrative proceeding seeking to foreclose on the Abends' property, risks inconsistent rulings with the State Nuisance Claim, which seeks to close the Abends' property and sell moveable fixtures. (Pet. for Removal, Ex. A ¶ 23; Opp Br., Ex. A at 9.)

Under the fourth factor, the State Nuisance Claim was instituted before the Constitutional Claim. (*See* Opp. Br., Ex. A; Compl. at 1.) Under the fifth factor, state nuisance law has a significant presence in the Constitutional Claim, which alleges that local

---

[1] The first factor, whether a court has assumed jurisdiction over a *res*, is not applicable here. Thus, it does not weigh in favor of remand or of exercising jurisdiction.

[2] The City also included a cause of action under California Code of Civil Procedure § 731 for public nuisance. (Opp. Br., Ex. A ¶ XVII.) On January 17, 2007, the Alameda Superior Court sustained the Abends' demurrer with leave to amend on this cause of action. (*Id.*, Ex. B.)

6

1   administrative proceedings for declaring property a nuisance were unconstitutional. (Pet. for
2   Removal, Ex. A ¶¶ 39-75.) Under the sixth factor, state courts are wholly capable of hearing
3   claims concerning the constitutionality of state proceedings, and indeed have a compelling
4   interest in hearing such claims. *See Huffman v. Pursue, Ltd.*, 420 U.S. 592, 611 (1975). Thus,
5   as in *Nakash*, the presence of a federal-law issue (under 42 U.S.C. § 1983) is less significant
6   given the fact that state courts can hear constitutional claims. *See Nakash*, 882 F.2d at 1416.
7   Finally, as in *Nakash*, the State Nuisance and Constitutional Claims are substantially similar
8   because they involve the same parties and arise from the same actions allegedly constituting a
9   nuisance on the Abends' property. *See id.*

10         The City argues that piecemeal litigation is not a risk because the cases do not overlap.
11   (Opp. Br. at 6.) However, the cases overlap because both arise from acts allegedly creating a
12   nuisance on the Abends' property, and in both cases, the City seeks to limit the Abends' use of
13   their property. Further, the City provides no reason why the state court is inadequate to hear the
14   Constitutional Claim. It cites *Tovar v. Billmeyer*, which involved a state suit challenging the
15   denial of a city use permit to plaintiff's adult bookstore, and a federal suit seeking injunctive
16   and declaratory relief. 609 F.2d 1291, 1292 (9th Cir. 1979). The Ninth Circuit held that federal
17   jurisdiction was proper because the plaintiffs had sought to adjudicate their § 1983 claims in
18   federal court at the beginning of their dispute. *Id.* at 1293. The *Tovar* decision turned on this
19   fact and noted that "a free and unreserved submission to the state court of all federal claims for
20   complete and final resolution is necessary to bar return to the federal court." *Id.* at 1294. Thus,
21   *Tovar* is distinguishable and actually supports remand because unlike the *Tovar* plaintiffs, the
22   Abends originally sought to have the Constitutional Claim heard in state court.

23         The Abends also argue that removal was vexatious and reactive. (Br. at 11.) The
24   Supreme Court indicated that "the vexatious or reactive nature of either the federal or state
25   action" may be a factor to consider under *Colorado River*. *Moses H. Cone*, 460 U.S. at 17
26   n.120. Presumably, the Abends' argument is based on the their contention that they sought a
27   stipulation to consolidate the State Nuisance and Constitutional Claims, but the City allegedly
28   declined the request and instead filed a notice of removal. (Br. at 4.) Because removal was

7

proper pursuant to 28 U.S.C. § 1441 and federal subject matter jurisdiction, removal was not vexatious and does not weigh in favor of remand. However, after balancing all of the factors and considering pragmatic implications, remand is appropriate pursuant to the *Colorado River* doctrine.

### 2. Abstention Pursuant to the Declaratory Judgment Act Is Inappropriate Because There Is a Federal Claim.

The Abends also argue that the Court should abstain pursuant to the Declaratory Judgment Act ("DJA"), 28 U.S.C. § 2201 *et seq.* (Br. at 5.) The DJA grants courts discretionary jurisdiction to declare the rights of litigants. *Wilton v. Seven Falls Co.*, 515 U.S. 277, 286 (1995) (citing 28 U.S.C. § 2201(a)). Because this jurisdiction is discretionary, a district court may abstain from hearing a federal declaratory claim if a suit involving the same matters and parties is pending in state court. *Id.* at 282 (citing *Brillhart v. Excess Ins. Co.*, 316 U.S. 491, 495 (1942)).

The Ninth Circuit has held that "[t]he *Colorado River* test . . . does not apply where the [DJA], 28 U.S.C. § 2201, is involved." *Chamberlain v. Allstate Ins. Co.*, 931 F.2d 1361, 1366 (9th Cir. 1991) (overruled in unrelated part by *Wilton*, 515 U.S. at 289-90). However, *Colorado River* involved a claim for declaratory relief. 424 U.S. at 805. The Ninth Circuit noted this fact, but also noted that the federal court's power over the government's claim to water rights in *Colorado River* was independent of the DJA and thus did not arise pursuant to the DJA. *Transamerica Occidental Life Ins. Co. v. Digregorio*, 811 F.2d 1249, 1254 n.4 (9th Cir. 1987). In contrast, in *Transamerica*, a district court that dismissed a declaratory action in light of a state court action had jurisdiction solely pursuant to the DJA. *Id.* at 1253 (holding that plaintiff's suit did not fall within the ambit of the Employee Retirement Income Security Act). Because of this fact, the Ninth Circuit held that abstention pursuant to the DJA, rather than the *Colorado River* doctrine, was appropriate. *Id.* at 1255.

Accordingly, *Colorado River* controls the Constitutional Claim. In their argument for abstention under the DJA, all of the cases that the Abends cite rely solely on the DJA (and diversity jurisdiction) – not federal question jurisdiction – for jurisdiction. *See, e.g.*, *Brillhart*, 316 U.S. at 493-94 (reinsurance company sought declaration pursuant to the DJA that it owed

8

no duty to reimburse insurer for garnishment proceedings brought against insurer); *United Nat'l Ins. Co. v. R&D Latex Corp.*, 242 F.3d 1102, 1108 (9th Cir. 2001) (insured sought declaration pursuant to the DJA of insurer's duty to defend); *Gov. Employees. Ins. Co. v. Dizol*, 133 F.3d 1220, 1222 (9th Cir. 1998) (insurer sought declaration pursuant to the DJA of lack of coverage). Like the district court in *Colorado River*, this Court need not rely on the DJA for jurisdiction over the Constitutional Claim because it has jurisdiction pursuant to 42 U.S.C. § 1983 (and 28 U.S.C. § 1367). (*See* Compl. ¶¶ 39-75.) Therefore, abstention under the DJA is inapplicable to the Constitutional Claim.

### 3. Abstention Under the *Younger* Doctrine Is Inappropriate Because There Is no Parallel State Judicial Proceeding.

The Abends' final argument is that the Court should abstain from hearing the Constitutional Claim under the *Younger* doctrine. (Br. at 11.) In *Younger*, the Supreme Court held that "a federal court must not, save in exceptional and extremely limited circumstances, intervene by way of either injunction or declaration in an existing state criminal prosecution." 401 U.S. at 56 (Stewart, J., concurring). Thus, *Younger* abstention is founded on the "vital consideration . . . of 'comity,' that is, a proper respect for state functions." *Id.* at 44.

In *Huffman*, the Supreme Court extended the *Younger* doctrine to certain civil proceedings, holding that "the propriety of federal-court interference with [a state] nuisance proceeding must likewise be controlled by application of those same considerations of comity and federalism." 420 U.S. at 607. In *Huffman*, Allen County, Ohio, sought to close an adult theater by invoking a state public nuisance statute. *Id.* at 595. The county instituted a nuisance proceeding in state court, which ordered the theater to be closed and all theater property seized and sold under state nuisance law. *Id.* at 598. In response, the theater owners filed a compliant in federal district court under 42 U.S.C. § 1983, seeking injunctive and declaratory relief that the nuisance statute was unconstitutional. *Id.* The Supreme Court held that *Younger* applied and the theater owners should have exhausted state appellate remedies before seeking relief in federal court. *Id.* at 607-08. The Court stated, "[W]e do not believe that a State's judicial system would be fairly accorded the opportunity to resolve federal issues arising in its courts if a federal district court were permitted to substitute itself for the State's appellate courts." *Id.* at

9

609.

The Ninth Circuit held that federal courts should abstain under *Younger* if: "(1) there are ongoing state judicial proceedings, (2) the proceedings implicate important state interests, and (3) there is an adequate opportunity in the state proceedings to raise federal questions." *Woodfeathers, Inc. v. Wash. County*, 180 F.3d 1017, 1020 (9th Cir. 1999).

Here, there is no ongoing state judicial proceeding within the meaning of *Woodfeathers* and *Younger*. *Huffman* involved a direct federal challenge to a parallel state court's application of state nuisance laws. 420 U.S. at 598. Stated otherwise, the federal proceeding sought to undo a separate, pending state action. The Abends argue that the State Nuisance Claim constitutes an ongoing state proceeding for purposes of *Younger*. (Br. at 12.) However, the State Nuisance Claim involves application of different nuisance laws than those cited in the Constitutional Claim. Thus, the Constitutional Claim is related to the State Nuisance Claim, but is not a direct challenge of it. No parallel action exists in state court. Instead, the procedural posture of this case involves one proceeding, challenged in state court and then removed to this Court. Accordingly, the *Younger* doctrine does not apply.

## CONCLUSION

For the foregoing reasons, under the *Colorado River* doctrine, the Court hereby grants Plaintiffs' motion to remand under the *Colorado River* doctrine this matter to the Superior Court of California for the County of Alameda. The Clerk shall transfer the file forthwith.

**IT IS SO ORDERED.**

Dated: February 26, 2007

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE

10